IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. NEWCOMER, | : | 1:16-cv-2119 |
| Plaintiff, | : | Hon. John E. Jones III |
| v. | : | |
| HENKELS & McCOY, INC., | : | |
| Defendant, | : | |

## MEMORANDUM

### August 1, 2017

Presently pending before the Court is Defendant's motion to dismiss, filed on February 24, 2017. (the "Motion) (Doc. 16). Plaintiff David A. Newcomer initiated this action by filing a complaint in York County on September 20, 2016. (Doc. 1, Ex. A). Defendant Henkels & McCoy, Inc., filed a notice of removal with this Court on October 20, 2016. (Doc. 1). On January 24, 2017, we granted Defendant's motion to dismiss the complaint and granted Plaintiff leave to amend. (Doc. 13). Plaintiff filed an amended complaint on February 11, 2017. (Doc. 15). Defendant's motion to dismiss the amended complaint has been fully briefed and is therefore ripe for our review. (Docs. 19, 21, 25, 26). For the reasons that follow, the Motion will be granted and the case dismissed.[1]

---

[1] Defendant requests an award of fees and costs under 29 U.S.C. § 1001(b) in its Motion. (Doc. 16, ¶ 26). The Court declines this request.

I. **BACKGROUND**

Plaintiff was employed by the Defendant for forty-two years prior to his retirement in 2014. (Doc. 15, ¶ 6). The Defendant offered its employees a defined-benefit pension plan (the "Plan") through the National Electrical Benefit Fund. ("NEBF"). (*Id.*, at ¶ 7). The Plan is a multi-employer defined benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(35) and (36). (*Id.*, at ¶ 8). Benefits under the Plan are based, in part, on benefit service credits. (*Id.*, at ¶ 9).

The Defendant made contributions to the Plan from money deducted from the Plaintiff's paycheck and matching employer contributions. (*Id.*, at ¶ 21). These contributions were paid over to NEBF by the Defendant. (*Id.*, at ¶ 22). Defendant failed to pay contributions to NEBF on Plaintiff's behalf for 1986 and 1987, and reported zero service credits for Plaintiff for those years. (*Id.*, at ¶ 24, 25). By letter dated August 19, 2009, NEBF notified Plaintiff that he was fully vested and listed his credits. (*Id.*, at ¶ 26, 27). This letter noted no service credits for 1986 and 1987, and was Plaintiff's "first notice of the discrepancy for those years." (*Id.*, at ¶ 27). The letter noted that "[i]f the information provided above does not agree with your records, please complete the Inquiry form for the years 1986-1987. . . Also, fill in the requested information on the Social Security Authorization form . . ." (Doc. 1, Ex. A). Plaintiff does not indicate if he responded to this letter.

On September 30, 2011, NEBF sent another letter to Plaintiff indicating no service benefit credits for 1986 and 1987. (Doc. 1, Ex. B). NEBF sent another letter to Plaintiff on October 19, 2011 informing Plaintiff that he was 100% vested, acknowledging that Plaintiff had questioned the benefit service credits for 1986 and 1987, and again instructing Plaintiff to fill out an Inquiry form and supply Social Security Authorization. (Doc. 1, Ex. C). Plaintiff forwarded his social security statement. (Doc. 1, ¶ 30). NEBF sent another letter on February 1, 2013 that, again, listed no credits for 1986 and 1987. (*Id.*, at ¶ 31).

On April 3, 2013, the Union's local chapter sent a letter to NEBF on Plaintiff's behalf , requesting information from NEBF regarding his service benefit credits for 1986 and 1987. (Doc. 1, Ex. F). NEBF responded by letter dated May 13, 2013, stating that their records indicate that Plaintiff worked under the "Maintenance and Installation Agreement", and that agreement called for a higher hourly wage as opposed to having contributions made to NEBF on their behalf. (Doc. 1. Ex. G). NEBF further indicated that, because Defendant did not make contributions on his behalf for 1986 and 1987, NEBF was unable to grant credit for those years. (*Id.*). NEBF sent Plaintiff a letter on July 11, 2014 informing him that it performed extensive review of Plaintiff's 1986 and 1987 credits and "concluded that [it does] not have sufficient documentation to provide [Plaintiff] with the requested pension credits or to pursue [Defendant] for the contributions requested

to provide the pension credits." (Doc. 1, Ex. H). NEBF sent a final letter on November 11, 2014 to notify Plaintiff of his pension amount, and it included zero credits for 1986 and 1987. (Doc. 1, Ex. I).

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirement of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint attacked by Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level…."  *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility."  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions."  *Twombly*, 550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss.  *Iqbal*, 556 U.S. at 679.  Next, the district court must identify "the 'nub' of the … complaint – the well-pleaded, nonconclusory factual allegation[s]."  *Id.*  Taking

5

these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III. DISCUSSION

Plaintiff brings an amended complaint against Defendant, his former employer, alleging several violations of ERISA. Throughout his amended complaint, Plaintiff alleges violations of ERISA Sections 1023, 1027, 1145, 1053(b), 1059, 1104(a)(1), and 1109(a), but does not delineate separate causes of action. (Doc. 15).

Section 1132 embodies the civil enforcement provision of ERISA under which private causes of actions must arise. 29 U.S.C. § 1132. While Plaintiff couches his allegations in terms of the Defendant's failure to report service credits, failure to make contributions, and failure to maintain sufficient benefit records, he fails to indicate which enforcement provision of 1132 he invokes for each alleged

failure. We look to Plaintiff's "wherefore" clause to determine Plaintiff's causes of action:

> "WHEREFORE, Mr. Newcomer respectfully requests that this Court enter judgment in his favor and require that the Defendant, Henkels & McCoy, Inc., (a) pay over to the pension plan the amounts due for 1986 and 1987, along with the appropriate amounts of interest and other accumulations to bring the amount being paid in now to what it would have been had the monies been remitted in1986 and 1987, (b) ensure that the pension plan records are corrected retroactively as to service credits for 1986 and 1987, (c) pay to Mr. Newcomer the difference between the pension benefits he has received and what he should have received had the monies been remitted and the service credits properly reported, (d) reimburse Mr. Newcomer for the attorney's fees and costs incurred by him relative to this suit, and for such other relief as may be just and proper."

(Doc. 15, pp. 13-14). From this "wherefore" clause, as well as the rest of the amended complaint, we can glean three causes of action: first, a claim for denial of benefits arising under ERISA § 1132(a)(1)(B); second, damages for breach of fiduciary duty, arising under ERISA §§ 1132(a)(2) and 1109(a); and third, other equitable relief, arising under ERISA § 1132(a)(3).[2] We shall address each in turn.

### A. Section 1132(a)(1)(B)

Plaintiff cannot sustain a claim under Section 1132(a)(1)(B) because he has not sued the proper defendant. Section 1132(a)(1)(B) allows a plan participant to bring a civil action "to recover benefits due to him under the terms of his plan, to

---

[2] It is worthy to note that Defendant categorized Plaintiff's causes of action identically in its brief in support of its Motion (Doc. 19, pp. 3-4), and Plaintiff did not dispute or re-categorize its causes of action in response. (Doc. 21).

enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In *Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc.*, the Third Circuit specifically stated that, "[i]n a claim for wrongful denial of benefits under ERISA, the proper defendant is the plan itself or a person who controls the administration of benefits under the plan." 311 F. App'x 556, 558 (3d Cir. 2009).

Pursuant to *Evans*, the proper defendant in this action is the Plan itself – NEBF – or an administrator of the Plan. Plaintiff has not alleged that the Defendant is an administrator of the Plan, nor has he alleged facts that would indicate that to be the case. "Exercising control over the administration of benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B)." *Id*. In *Evans*, the Court found that because the plaintiff's employer was "not responsible for administering benefits or determining eligibility," it was not a proper defendant. *Id*., at 559. Here, there is no allegation that Defendant had control over the administration of benefits under the Plan or discretion in interpreting the plan and eligibility. Rather, Defendant's role as Plaintiff's employer was limited to reporting service credits and submitting contributions to the Plan, and therefore, just as in *Evans*, the Defendant is not a proper defendant under 29 U.S.C. § 1132(a)(1)(B).

In the face of *Evans*' clear instruction that Defendant would not be proper in this action, Plaintiff points to two cases. (Doc. 21, pp. 6-7). First, Plaintiff points to a case from a district court in Arizona for the proposition that "crediting hours is a fiduciary function" such that suit against an employer under § 1132(a)(1)(B) is proper. *Stickle v. SCIWestern Mkt. Support Ctr., L.P.*, 2008 WL 4446539, at *19 (D. Ariz. Sept. 30, 2008). However, in the sentence following, the court clarified that "[m]oreover, Plaintiffs have asserted this claim against the Plan and the alleged Plan Administrator." *Id*. Thus, this case offers Plaintiff no support. Second, Plaintiff cites to *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 503 (E.D.N.Y. 2011). However, this case again provides Plaintiff with no support because it does not make clear whether the employer defendant was a named fiduciary or plan administrator.

As such, Plaintiff has not offered any compelling reason for us to deviate from *Evans*' clear instruction and we shall dismiss any claim pursuant to § 1132(a)(1)(B).

### B. Sections 1132(a)(2) and 1109(a)

Section 1132(a)(2) permits a plan participant to bring a civil action for appropriate relief under ERISA Section 1109. 29 U.S.C. § 1132(a)(2). Section 1109 provides that a person who is a plan fiduciary is personally liable for

"breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter." 29 U.S.C. § 1109.

Defendant argues that Plaintiff cannot sustain his claim pursuant to Section 1109 because Defendant is not a plan fiduciary and his claim alleges only individualized harm. (Doc. 19, pp. 11-15). Plaintiff disagrees with both of Defendant's arguments. (Doc. 21, pp. 17-19). However, the Court need not address either of these issues; while neither party addresses this provision, ERISA's fiduciary subchapter – the chapter that Section 1109 authorizes liability under – contains a statute of limitations. Section 1113 provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C.A. § 1113. Plaintiff specifically states in his amended complaint that the August 19, 2009 letter from NEBF was his "first notice of the discrepancy" for 1986 and 1987 that predicates his claims against the Defendant. (Doc. 15, ¶

10

27). That was certainly more than three years ago, and thus Plaintiff's claims pursuant to Section 1109 are barred under Section 1113(2).

### C. Section 1132(a)(3)

Finally, Plaintiff seeks in his amended complaint "other appropriate equitable relief to redress violations or enforce ERISA or the terms of the plan", which tracks the language of Section 1132(a)(3). (Doc. 15, ¶ 51). Defendant argues that Section 1132(a)(3) is not an appropriate avenue for Plaintiff's claims. (Doc. 19, pp. 16-17).

As described by the Supreme Court in *Varity Corp. v. Howe*, Section 1132(a)(3) is a catchall provision that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." 516 U.S. 489, 512 (1996). Following *Varity*, "Courts of Appeals have reached differing conclusions as to whether and under what circumstances *Varity* precludes plaintiffs from simultaneously seeking relief under § 1132(a)(3) and § 1132(a)(1)(B)." *Greene v. Hartford Life & Acc. Ins. Co.*, 2014 WL 4473725, at *3 (E.D. Pa. Sept. 10, 2014). The "great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under § 1132(a)(l)(B) may not proceed with a claim under § 1132(a)(3)." *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006) (citing decisions from the Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits). The Third

Circuit has not addressed this issue directly, and district courts within the Circuit have reached different conclusions. *Greene*, 2014 WL 4473725, at *3.

It is abundantly clear that Plaintiff seeks the same remedy for all of the Defendant's alleged violations – namely, plan benefits. To be sure, he does not even invoke separate sections of the enforcement provisions of Section 1132 and commingles all of his claims together in pursuit of benefits due; his "wherefore" section specifically requests for recovery of his benefits. (Doc. 15, p. 13). Section 1132(a)(1)(B) is the civil enforcement provision that deals specifically with the recovery of benefits, and we have already held that Plaintiff has not brought suit against the proper defendant. 29 U.S.C. § 1132(a)(1)(B). However, our holding that Plaintiff has named the improper defendant in this action does not compel a conclusion that Section 1132 does not provide adequate remedy for Plaintiff's claims, such that relief under 1132(a)(3) may be appropriate pursuant to *Varity*. 516 U.S. at 512. Our holding is that Plaintiff has improperly pursued this remedy.

Were plaintiffs permitted to circumvent the procedures and limitations of Section 1132(a)(1)(B) by simply cloaking a denial of benefits claim as a claim for equitable relief under Section 1132(a)(3), all of the jurisprudence regarding the procedures and strictures of a claim arising under Section 1132(a)(1)(B) and the proper defendants for such a claim would be useless. Just as the Eastern District held in *Greene*, we conclude that "[e]ven if *Varity* does not establish a bright line

rule precluding simultaneous § 1132(a)(3) and § 1132(a)(1)(B) claims in all cases, we can find no way to construe Plaintiff's § 1132(a)(3) claim such that it might provide 'other appropriate equitable relief' for a violation that the ERISA statute does not elsewhere remedy." 2014 WL 4473725, at *4.

We therefore will agree with the conclusions of several of our sister courts[3] and dismiss Plaintiff's claim under Section 1132(a)(3) as identical to his claim for benefits under Section 1132(a)(1)(B).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff cannot sustain any ERISA civil action enforcement claims against the Defendant and we shall grant Defendant's motion to dismiss. (Doc. 16). A separate order shall issue in accordance with this ruling.

---

[3] *See Miller v. Mellon Long Term Disability Plan,* 721 F.Supp.2d 415, 423–24 (W.D.Pa.2010) (dismissing plaintiffs' claim for equitable relief under § 1132(a)(3) because it was essentially duplicative of the claim for money damages under section 1132(a)(1)(B)); *Cohen v. Prudential Ins. Co.,* Civ. A. No. 08–5319, 2009 WL 2488911 (E.D.Pa. Aug. 12, 2009), *reconsideration denied by* 2010 WL 1257659 (E.D.Pa. Mar. 25, 2010) (dismissing claim for equitable relief under § 1132(a)(3) because the plaintiffs failed to demonstrate why a sought-after remedy was only available under § 1132(a)(3)).